FILED
2026 Sep-04 AM 08:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Tyra Thompkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Credence Resource Management, LLC, a Nevada limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

# COMPLAINT

Plaintiff, Tyra Thompkins brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Tyra Thompkins ("Thompkins"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt allegedly owed to T-Mobile.

4. Defendant, Credence Resource Management, LLC ("Credence"), is a Nevada limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or credit reporting to collect, or

attempt to collect, defaulted consumer debts that it did not originate. Credence operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.

5. Defendant Credence was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Credence is authorized to conduct business in Alabama, and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Alabama.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Ms. Thompkins was unable to pay her debts, including a defaulted consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to T-Mobile. After the alleged T-Mobile debt went into default, it was obtained by the Defendant, which then attempted to collect the debt from Ms. Thompkins via, among various means, negative credit reporting.

8. Unsure about Defendant, and unsure about the debt, Ms. Thompkins consulted with counsel about her debt issues and the debt that Defendant was trying to collect.

9. Accordingly, on June 22, 2026, and June 24, 2026, Ms. Thompkins' attorney wrote to Defendant to notify it that Ms. Thompkins was represented by counsel, and that she disputed any and all debts that Defendant was trying to collect from her. Copies of these letters are attached as Group Exhibit B. Two letters were sent to make sure FCG received her dispute.

10. Ms. Thompkins' attorney's letters were sent to Defendant Credence, via

U.S. Mail, First Class, postage pre-paid, to the address Defendant listed with the Nationwide Multistate Licensing System, see, NMLS Consumer Access report, attached as Exhibit C.

11. These letters were delivered to Defendant on June 26, 2026, and June 27, 2026, respectively, see, the delivery confirmations attached to Group Exhibit B.

12. On August 24, 2026, Ms. Thompkins took the time and effort, as well as the expense (about $7.00), to obtain and review her TransUnion and Experian credit reports, which showed that Defendant had continued to report the T-Mobile debt she allegedly owed, but had failed to note that the debt was disputed. The pertinent parts of Ms. Thompkins' TransUnion and Experian credit reports are attached as Group Exhibit D.

13. As a result of Defendant's failure to note that the debt was disputed, when Defendant continued to report the debt to TransUnion and Experian, Ms. Thompkins was forced to take an action to her detriment, by taking the time and effort, as well as the expense (about $270), to have an attorney send Defendant another letter, re-asserting her dispute and demanding that Defendant stop its incorrect credit reporting. A copy of this letter is attached as Exhibit E.

14. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit reports, that the debt was disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debt.

15. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely, that the debt is disputed.

16. Defendant's collection actions negatively impacted Ms. Thompkins' credit score, and forced her to take the time and effort, as well as the expense, to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

17. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e (8) Of The FDCPA –**
**Failing To Report That A Disputed Debt Is Disputed**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Wood v. Security Credit Services, 126 F.4th 1303, 1312 (7th Cir. 2025); Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir.

2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

20. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

21. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 17.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendant, by continuing to report the debt to the credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Tyra Thompkins, prays that this Court:

1. Find that Defendant's collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Thompkins, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tyra Thompkins, demands trial by jury.

Tyra Thompkins,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 3, 2026

David J. Philipps (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Grafton M. Weinacker (AL Bar No. 6336C21B)
Bond, Botes, Reese, Shinn & Weinacker, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
gweinacker@bondnbotes.com